UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO. 18-21753-CIV-GAYLES/OTAZO-REYES

IDENTIDAD IOT, LLC, et al.,

      Plaintiffs/
      Counterclaim Defendants,

v.

HEWLETT PACKARD ENTERPRISE
COMPANY,

      Defendant/
      Counterclaim Plaintiff.

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT <ins>AND INCORPORATED MEMORANDUM OF LAW</ins>

HOMER BONNER JACOBS, P.A.
Peter W. Homer/Florida Bar No. 291250
Gregory J. Trask/Florida Bar No. 0055883
phomer@homerbonner.com
gtrask@homerbonner.com
1200 Four Seasons Tower
1441 Brickell Ave., Miami, FL 33131

Kristofor T. Henning (*pro hac vice*)
MCCARTER & ENGLISH, LLP
1600 Market Street, Suite 3900
Philadelphia, PA 19103
khenning@mccarter.com

Shawn S. Smith (*pro hac vice*)
MCCARTER & ENGLISH, LLP
City Place 1, 185 Asylum St.
Hartford, CT 06103
shsmith@mccarter.com

***Attorneys for Defendant***

## TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................................1

II.   LEGAL STANDARD.............................................................................................3

III.  FACTS ...................................................................................................................3

IV.   ARGUMENT .........................................................................................................3

      A.   HPE Is Entitled To Summary Judgment On All Of Plaintiffs' Claims. .................3

            1.   Identidad Telecom and Infomovil Cannot Show That They Have
               Been Injured By HPE (Counts I, II & VI). ................................................3

            2.   Identidad Cannot Show That It Has Been Injured By HPE
               (Counts I – VI). ........................................................................................5

      B.   HPE Is Entitled To Summary Judgment On Identidad's Fraud Claims
         (Counts I and II)....................................................................................................5

            1.   Identidad's Fraud Claims Are Barred By The Economic Loss Rule..........5

            2.   Identidad Cannot Prove That It Was Induced By Fraud To Enter
               Into Either The SOW Or The Teaming Agreement.....................................7

                 a.   The Decision To Enter Into The HPE Platform Transaction
                    Was Made Before Identidad Was Created.......................................7

                 b.   HPE Made Clear That The Contracts Would Govern The
                    Platform Project. .............................................................................8

            3.   Identidad Cannot Prove The Reliance/Causation Elements Of Its
               Fraud And FDUTPA Claims. ....................................................................8

             4.   HPE Is Entitled To Summary Judgment On Count I. ..............................10

      C.   HPE Is Entitled To Summary Judgment On All Of Identidad's Warranty
         Claims (Counts III–V). ........................................................................................12

             1.   HPE Did Not Sell Or Lease The Platform To Identidad. .........................12

             2.   Identidad Did Not Provide HPE With Pre-Litigation Notice Of An
               Alleged Breach of Warranty And An Opportunity To Cure....................13

      D.   HPE Is Entitled to Summary Judgment on Identidad's Express Warranty
         Claim (Count III). ...............................................................................................14

1.    Identidad Has Not Identified Any Express Warranty Provided To It That Could Support Its Claim. ...................................................14

2.    Identidad's Express Warranty Claim Is Barred By The Disclaimer Of Warranties In The SOW And The Integration Clauses In The SOW And The Teaming Agreement.........................................................14

E.    HPE Is Entitled To Summary Judgment On Identidad's Claim For Breach Of The Implied Warranty Of Merchantability (Count IV). ...................................15

F.    HPE Is Entitled To Summary Judgment On Identidad's Claim For Breach Of Implied Warranty Of Fitness For Particular Purpose (Count V)......................16

G.    HPE Is Entitled To Summary Judgment On The FDUTPA Claim (Count VI)..................................................................................17

1.    Plaintiffs Do Not Seek Relief That Is Recoverable Under FDUTPA. ................................................................................17

2.    Plaintiffs Cannot Show Injury To Consumers. ..........................................18

H.    Identidad Is Precluded From Recovering Lost Profits And Punitive Damages And Any Relief Beyond Its Alleged Actual Direct Damages. .............18

V.    CONCLUSION................................................................................20

ME1 30822476v.1

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**FEDERAL CASES**

*Am. Coach Lines of Orlando, Inc. v. N. Am. Bus Indus., Inc.*,
    2011 WL 653524 (M.D. Fla. Feb. 14, 2011) ..........................................................................12

*Ames v. Winnebago Indus., Inc.*,
    2005 WL 2614614 (M.D. Fla. Oct. 14, 2005) ........................................................................14

*Amoco Oil Co. v. Gomez*,
    125 F. Supp. 2d 492 (S.D. Fla. Dec. 19, 2000).......................................................................19

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 .............................................................................................................................3

*Blinn v. Smith & Nephew Richards, Inc.*,
    55 F. Supp. 2d 1353 (M.D. Fla. July 6, 1999) .......................................................................14

*Burns v. Winnebago Indus., Inc.*,
    492 F. App'x 44 (11th Cir. 2012) .....................................................................................13, 14

*Callaway Marine Tech., Inc. v. Tetra Tech, Inc.*,
    2016 WL 7407769 (S.D. Fla. Dec. 22, 2016) (Gayles, J.).....................................................11

*CC-Aventura, Inc. v. The Weitz Co., LLC*,
    2009 WL 3326806 (S.D. Fla. Oct. 9, 2009).............................................................................19

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986)...................................................................................................................3

*CEMEX Constr. Materials Fla., LLC v. Armstrong World Indus., Inc.*,
    2018 WL 905752 (M.D. Fla. Feb. 15, 2018) ..........................................................................11

*Coleman v. Miller*,
    117 F.3d 527 (11th Cir. 1997) ..................................................................................................3

*Czarnecki v. Roller*,
    726 F. Supp. 832 (S.D. Fla. Nov. 15, 1989) ..........................................................................17

*Davis v. Ford Motor Co.*,
    2007 WL (S.D. Fla. July 27, 2007)..........................................................................................13

*Democratic Republic of the Congo v. Air Capital Grp., LLC*,
    614 F. App'x 460 (11th Cir. 2015) ..........................................................................................17

iii

*Flamingo S. Beach I Condo. Ass'n, Inc. v. Selective Ins. Co. of Southeast*,
   492 F. App'x 16 (11th Cir. 2012) ...........................................................3

*Fowler v. Towse*,
   900 F. Supp. 454 (S.D. Fla. Sept. 21, 1995) ..................................3, 4

*Guarantee Ins. Co. v. Brand Mgmt. Serv. Inc.*,
   2014 WL 11531365 (S.D. Fla. Sept. 15, 2014) ...........................7

*Hanson Hams, Inc. v. HBH Franchise Co., LLC*,
   2004 WL 5470401 (S.D. Fla. Dec. 21, 2004) ...........................18

*Kelly v. Palmer, Reifler, & Assocs., P.A.*,
   681 F. Supp. 2d 1356 (S.D. Fla. Jan. 11, 2010) ...........................18

*Lamm v. State St. Bank & Trust*,
   749 F.3d 938 (11th Cir. 2014) ...........................11

*Lombardo v. Johnson & Johnson Consumer Companies, Inc.*,
   124 F. Supp. 3d 1283 ...........................18

*Mantz v. TRS Recovery Servs., Inc.*,
   2011 WL 5515303 (S.D. Fla. Nov. 8, 2011)...........................17

*Maor v. Dollar Thrifty Auto. Grp., Inc.*,
   2018 WL 4698512 (S.D. Fla. Sept. 30, 2018) ...........................4

*McGuire v. Ryland Grp., Inc.*,
   497 F. Supp. 2d 1356 (M.D. Fla. July 19, 2007) ...........................15

*MeterLogic, Inc. v. Copier Solutions, Inc.*,
   126 F.Supp.2d 1346 (S.D. Fla. Sept. 27, 2000) ...........................6

*Pavletic v. Caterpillar, Inc.*,
   2011 WL (S.D. Fla. Dec. 21, 2011) ...........................15

*Premix-Marbletite Mfg. Corp. v. SKW Chemicals, Inc.*,
   145 F. Supp. 2d 1348 (S.D. Fla. April 24, 2001) ...........................6

*Pye v. Fifth Generation, Inc.*,
   2016 WL 9046788 (N.D. Fla. Sept. 27, 2016) ...........................14

*Royal Typewriter Co., a Div. of Litton Bus. Sys., Inc. v. Xerographic Supplies Corp.*,
   719 F.2d 1092 (11th Cir. 1983) ...........................16

*RRC Aruba, Ltd. v. Lionstone Group, Inc.*,
   2006 WL 8433543 (S.D. Fla. June 12, 2006) ...........................10

iv

*Seminole Masonry, LLC v. Hodges,*
 2019 WL 687918 (S.D. Fla. Feb. 19, 2019) ...................................................................5, 11

*Sun Life Assur. Co. of Can. v. Imperial Holdings Inc.,*
 2016 WL 10565034 (S.D. Fla. Sept. 22, 2016) ......................................................................11

*Sweeney v. Kimberly-Clark Corp.,*
 2015 WL 5446797 (M.D. Fla. Sept. 15, 2015) ......................................................................16

*Wheeler v. DePuy Spine, Inc.,*
 740 F. Supp. 2d 1332 (S.D. Fla. Sept. 17, 2010) ..................................................................15

STATE CASES

*Amoroso v. Samuel Friedland Family,*
 604 So.2d 827 (Fla. 4th DCA 1992) ......................................................................................15

*Bombardier Aerospace Corporation v. SPEP Aircraft Holdings, LLC,*
 572 S.W.3d 213 (Tex. 2019)...................................................................................................19

*Caribbean Cruise Line, Inc. v. Better Bus. Bureau of Palm Beach Cty., Inc.,*
 169 So. 3d 164 (Fla. 4th DCA 2015) .....................................................................................18

*Dunham-Bush, Inc. v. Thermo-Air Serv., Inc.,*
 351 So.2d 351 (Fla. 4th DCA 1977) ......................................................................................13

*Gen. Matters, Inc. v. Paramount Canning Co.,*
 382 So.2d 1262 (Fla. 2d DCA 1980) .....................................................................................14

*Hesson v. Walmsley Construction Co.,*
 422 So.2d 943 (Fla. 2d DCA 1982) .......................................................................................15

*Peebles v. Puig,*
 223 So.3d 1065, 1068 (Fla. 3d DCA 2017)).........................................................................11

*Safeco Title Insurance Co. v. Reynolds,*
 452 So.2d 45 (Fla. 2nd DCA 1984) .......................................................................................17

*Stewart Agency, Inc. v. Arrigo Enterprises, Inc.,*
 266 So. 3d 207 ........................................................................................................................18

*Susan Fixel Inc. v. Rosenthal & Rosenthal, Inc.,*
 921 So.2d 43 (Fla. 3rd DCA 2006)..........................................................................................9

*Tiara Condo Assoc., Inc. v. Marsh & McLennan Cos., Inc.,*
 110 So.3d 399 .......................................................................................................................5, 6

**STATE STATUTES**

FLA. STAT. § 501.211(2) ...................................................................................17

FLA. STAT. § 672.102 .......................................................................................12

FLA. STAT. § 672.105 .......................................................................................12

FLA STAT. § 672.313(a)(1) .........................................................................14, 15

FLA. STAT. §§ 672.313–.315 ...........................................................................12

FLA. STAT. § 672.315 .......................................................................................17

FLA. STAT. § 672.316 ..................................................................................14, 15

FLA. STAT. § 672.607(3)(a) .............................................................................13

FLA. STAT. §§ 680.21–.213 .............................................................................12

FLA. STAT. § 680.103(h), (j) ............................................................................12

FLA. STAT. § 768.72 .........................................................................................20

**RULES**

Fed. R. Civ. P. 56.................................................................................................1

Fed. R. Civ. P. 56(a) ...........................................................................................3

Local Rule 56.1 ...............................................................................................1, 3

ME1 30822476v.1

Pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1,[1] Defendant Hewlett Packard Enterprise Company ("HPE") moves the Court to enter summary judgment in its favor on all claims asserted in Plaintiffs' Amended Complaint ("AC") and, in support thereof, states as follows:[2]

## I.        INTRODUCTION

Plaintiffs Identidad Advertising Development, LLC d/b/a Identidad Telecom ("Identidad Telecom"), Infomovil Television & Systems Corp. ("Infomovil") and Identidad IoT, LLC ("Identidad") allege that HPE: (i) misrepresented the nature of certain technology (the "Platform") that Identidad would use to enter the Latin American "Internet of Things" market and (ii) failed to deliver a satisfactory Platform.  Based on those allegations, Plaintiffs assert claims for fraud and violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") on behalf of all Plaintiffs and also for breach of express and implied warranty on behalf of Identidad.

When the Court denied HPE's motion to dismiss, it advised that "[t]he issues raised by HPE in its Motion to Dismiss may be appropriately addressed at summary judgment."  ECF 33. The legal obstacles to Plaintiffs' claims that HPE raised in its motion to dismiss remain at the summary judgment stage – nothing about the discovery record has cured them.  To the contrary, discovery has only revealed additional flaws in Plaintiffs' claims, even when the record is viewed in the light most favorable to them.  For instance, Identidad Telecom and Infomovil are parties to a Master Lease and Financing Agreement with HPFS.  They *allege* that they suffered

---

[1]    Pursuant to Local Rule 56.1, HPE filed herewith a statement of material facts as to which HPE contends there exists no genuine issue to be tried.  Citations to the statement of material facts will appear as "SOF."

[2]    Plaintiffs also sued Hewlett Packard Financial Services Company ("HPFS"), but the Court previously dismissed all claims against HPFS.  SOF ¶ 26, n. 2.

financial harm as a result.   The *evidence*, however – their own deposition testimony – demonstrates that neither made any payments pursuant to that agreement.  Identidad made those payments.   Therefore, Identidad Telecom and Infomovil cannot show that they suffered any injury caused by HPE and all of their claims fail as a result.

Similarly, Identidad *alleged* that it decided to enter into a Statement of Work ("SOW") and Alliances Teaming Agreement ("Teaming Agreement") with HPE because of alleged misstatements HPE made about the Platform.  The *evidence*, however – in the form of Plaintiffs' corporate representative deponent (Mr. Andres Sanchez) – demonstrates that is not possible. Identidad was only created a few days before execution of the SOW and Teaming Agreement and Mr. Sanchez testified that he and the relevant decision makers decided to do the Platform deal with HPE before Identidad was even created.   Logically, therefore, there was no communication to Identidad that could have induced it to sign those agreements.

Other flaws in Identidad's claims flow from its attempt to avoid the SOW and Teaming Agreement, notwithstanding its focus on them in the AC.  Identidad has decided not to sue HPE for breach of those agreements, even though they clearly cover the subject matter of the AC and Identidad's allegations make clear its view that HPE did not live up to its obligations in either. Instead, Identidad has tried to piece together tort/fraud claims – but the obvious direct and intertwined reliance on the contracts precludes those claims under settled legal principles including: (1) the economic loss rule; and (2) the rule that fraud claims must be separate and independent from contract claims.

For these and other reasons set forth below, HPE is entitled to summary judgment.

ME1 30822476v.1

## II.    <u>LEGAL STANDARD</u>

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Summary judgment is not regarded "as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).  The nonmoving party must come forward with specific factual evidence sufficient to establish the existence of each element essential to its case.  *Coleman v. Miller*, 117 F.3d 527, 529 (11th Cir. 1997).  "A mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment; there must be evidence from which a jury could reasonably find for the non-moving party."  *Flamingo S. Beach I Condo. Ass'n, Inc. v. Selective Ins. Co. of Southeast*, 492 F. App'x 16, 26-27 (11th Cir. 2012).  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (emphasis in original).

## III.    <u>FACTS</u>

HPE incorporates by reference its Local Rule 56.1 statement of material facts.

## IV.    <u>ARGUMENT</u>

### A.    <u>HPE Is Entitled To Summary Judgment On All Of Plaintiffs' Claims.</u>

#### 1.    <u>Identidad Telecom and Infomovil Cannot Show That They Have Been Injured By HPE (Counts I, II & VI).</u>

Identidad Telecom and Infomovil assert only fraud and FDUTPA claims against HPE. SOF ¶ 57.  An essential element of those claims is that they suffer injury/damage caused by HPE's alleged misconduct.  *See Fowler v. Towse*, 900 F. Supp. 454, 460 (S.D. Fla. Sept. 21,

1995) (fraud); *Maor v. Dollar Thrifty Auto. Grp., Inc.*, 2018 WL 4698512, at *6 (S.D. Fla. Sept. 30, 2018) (FDUTPA).  The record, however, even viewed in their favor, shows that Identidad Telecom and Infomovil suffered no injury caused by HPE.

Of the agreements that are the subject of the AC, Identidad Telecom and Infomovil are parties only to the Master Lease and Financing Agreement with HPFS – and, therefore, that agreement is the only source of payment obligations they allegedly assumed relating to the Platform.  SOF ¶ 31.  According to their corporate representative's deposition testimony, however, neither actually made any payments to HPFS under that agreement.[3]  SOF ¶ 32. Instead, Identidad made those payments.  SOF ¶ 32.  Indeed, Infomovil never paid any money related to the Platform at all.  SOF ¶ 33.  Moreover, Plaintiffs have not offered any expert opinion as to alleged damages for Infomovil or Identidad Telecom, presumably because, again according to Plaintiffs' corporate representative deponent, neither expected to get into the IoT business.  SOF ¶¶ 34, 63.

In addition, Plaintiffs' corporate representative deponent's testimony demonstrates that no Plaintiff (including Identidad) entered into the Master Lease and Financing Agreement because of any alleged misrepresentations from HPE.  When asked to identify all of the reasons why any Plaintiff entered into that agreement, Mr. Sanchez identified a few reasons – but not any alleged misrepresentation(s) from HPE among them.  SOF ¶ 27.  Plaintiffs' claims fail for this reason as well based on their own testimony.

There is another flaw in Identidad Telecom and Infomovil's fraud claims – they are rescission claims against a defendant (HPE) who is not a party to the contract that is the subject of the claim (the Master Lease and Financing Agreement).  ECF 52 at "WHEREFORE" relief

---

[3]     Plaintiffs'corporate representative testified that Infomovil and Identidad Telecom act as one company.  SOF ¶ 4.

clauses for Counts I & II.  The law does not permit such a claim.  *See Seminole Masonry, LLC v. Hodges*, 2019 WL 687918, at *3 (S.D. Fla. Feb. 19, 2019) ("[a] plaintiff cannot bring a rescission claim against someone not a party to the contract.").

> **2.      Identidad Cannot Show That It Has Been Injured By HPE (Counts I – VI).**

HPE is entitled to summary judgment on all of Identidad's claims because Identidad cannot show that it has been injured.  The premise of the AC is Identidad's *allegations* that the Platform was unusable and the Platform project was a complete failure.  SOF ¶ 62.  The *evidence*, however, coming from Identidad's own mouth is the exact opposite.  Identidad praised HPE and the Platform publicly in September 2017 – more than 14 months after execution of the SOW and Teaming Agreement:  (1) "Our relationship with HPE has been a huge success for Identidad IoT"; (2) "Also, it's a platform that is so robust that you know it's going to work, it's reliable, and it's very secure"; and (3) "And the companies will know that by our using the HPE platform, they are using state-of-the-art platform."  SOF ¶ 47.[4]  At the summary judgment stage, it is the *evidence* that controls over a plaintiff's *allegation*.  Here, that evidence demonstrates that according to Identidad itself, the Platform was "robust" and the HPE Platform project was a "huge success."  Therefore, it cannot show any injury caused by HPE.

> **B.      HPE Is Entitled To Summary Judgment On Identidad's Fraud Claims (Counts I and II).**

> **1.      Identidad's Fraud Claims Are Barred By The Economic Loss Rule.**

The economic loss rule prohibits tort claims between parties in contractual privity with one another that seek to recover only economic damages.  *Tiara Condo Assoc., Inc. v. Marsh & McLennan Cos., Inc.*, 110 So.3d 399, 401-02 (Fla. 2013).  "The prohibition against tort actions to

---

[4]      Mr. Sanchez testified that there was not, in Identidad's view, any change in the status of the Platform project over time.  SOF ¶ 54.  Therefore, crediting Mr. Sanchez's testimony, his description in September 2017 applies throughout the course of the HPE Platform project.

recover solely economic damages for those in contractual privity is designed to prevent parties to a contract from circumventing the allocation of losses set forth in the contract by bringing an action for economic loss in tort." *Id*. at 402.

Identidad alleges that it is in contractual privity with HPE through, at least, the SOW and Teaming Agreement – and it seeks only economic damages from HPE.  SOF ¶¶ 12, 17, 61.  Not only that, but Identidad actually bases at least portions of its fraud claims on representations that come from one or more of its contracts with HPE – contracts which plainly cover the subject matter of Identidad's fraud claims (*i.e.*, HPE's services relating to the Platform).  SOF ¶ 59. Identidad cannot seek to avoid the "allocation of losses" found in its contracts with HPE and its fraud claims are barred by the economic loss rule.  *See Tiara*, 110 So.3d at 402; *see also MeterLogic, Inc. v. Copier Solutions, Inc.*, 126 F.Supp.2d 1346, 1362 (S.D. Fla. Sept. 27, 2000) ("[O]ne cannot avoid the economic loss rule by merely labeling a claim as fraud. The fraud must be separate and distinct from the breaching party's performance of the contract."); *Premix-Marbletite Mfg. Corp. v. SKW Chemicals, Inc.*, 145 F. Supp. 2d 1348, 1360 (S.D. Fla. April 24, 2001) (granting summary judgment for defendant on fraudulent inducement claim under economic loss rule).

Even assuming "the economic loss rule is limited to products liability cases[,]" *Tiara*, 110 So.3d at 400, 407, that is precisely the case Identidad has brought.  *Tiara* defined a products liability case as one "involving a product which damages itself by reason of a defect in the product." *Id*. at 406–07.  That is the right description for this case:

(1)     Identidad alleges that "HPE undertook this effort . . . while it continued to demand payment for the ***defective*** product. . . ."  ECF 52 at ¶ 1 (emphasis added).

(2)      Identidad alleges that HPE agreed to make certain payments "for the *defective* and useless equipment . . . ."  ECF 52 at ¶ 76 (emphasis added).

(3)      Identidad alleges that "[a]t all relevant times, the Platform was *defective*, unstable, unusable, and/or not properly installed and tested."  ECF 52 at ¶ 133 (emphasis added).

(4)      Identidad's corporate representative deponent testified that the Platform is defective, it crashed because it was defective, it was unstable because of the defects and that means Identidad did not receive what it was supposed to from HPE.  SOF ¶ 40.

By Identidad's own description, its fraud claims are barred by the economic loss rule.

      **2.**     **Identidad Cannot Prove That It Was Induced By Fraud To Enter Into Either The SOW Or The Teaming Agreement.**

          **a.**    **The Decision To Enter Into The HPE Platform Transaction Was Made Before Identidad Was Created.**

To sustain a fraudulent inducement claim, a plaintiff must prove that it was, in fact, induced by fraud to enter into the relevant contract(s) – *i.e.*, that the reason it entered into the contract(s) was the defendant's representations.  *See Guarantee Ins. Co. v. Brand Mgmt. Serv. Inc.*, 2014 WL 11531365, at *5 (S.D. Fla. Sept. 15, 2014).  Identidad cannot do so, even under its own version of the facts, because the decision to enter into the Platform transaction was made before Identidad was created and Identidad has not identified any alleged misrepresentation it received that could have possibly induced it to enter into the contracts.

Identidad was created no earlier than July 19, 2016.  SOF ¶ 9.  Identidad signed the Teaming Agreement and SOW on July 27 and 28, 2016, respectively, about 6 and 7 business days later.  SOF ¶¶ 12, 17.  According to Plaintiffs' corporate representative deponent, he and the other decision makers had already decided to do the Platform deal with HPE before they created Identidad.  SOF ¶ 9.  Since the decision to do the Platform deal with HPE was made prior

to the creation of Identidad, nothing that was communicated to Identidad after its creation could have induced it to do that deal with HPE.

Not only that, but the only employee Identidad had between 2016 and 2018 (Mr. Santiago Sanchez) became an Identidad employee and started working on the Platform project no earlier than August 15, 2016.  SOF ¶ 35.[5]  Logically, therefore, no alleged misrepresentation could have been made to him that induced Identidad to enter into the SOW or the Teaming Agreement in July 2016.  Indeed, nowhere in the AC does Identidad identify any alleged misrepresentation that it claims was made to _it_ in the no more than 6 or 7 business days between its creation and the execution of the SOW or Teaming Agreement.  Given the facts set forth above, nor could it.

> **b.    HPE Made Clear That The Contracts Would Govern The Platform Project.**

The HPE presentation that Identidad cites in the AC made clear that the terms of the actual Platform transaction would be set forth in the relevant contracts:  "Purchase of . . . HPE Support, Services and SMS services listed above will be subject to a mutually agreed and executed Statement of Work, governed by the HPE's Standard Terms and Conditions . . . ."  SOF ¶ 19.  As a result, no Plaintiff could have been induced to enter into the SOW under any alleged impression that the terms of the Platform transaction would include any pre-contractual representations.

> **3.    Identidad Cannot Prove The Reliance/Causation Elements Of Its Fraud And FDUTPA Claims.**

A plaintiff who continues with the same conduct both before and after it learns of the defendant's alleged fraud cannot satisfy the reliance/causation element of a fraud or FDUTPA

---

[5]     Mr. Andres Sanchez has been an employee of Infomovil (not Identidad) since at least 2016.  SOF ¶ 36.  Therefore, no representation to him can be treated as made to Identidad.  Also, he testified that he started acting as the CEO of Identidad in August or the end of July 2016. SOF ¶ 37.  So, even under those facts, he was not acting as Identidad's CEO until after the execution of the SOW and Teaming Agreement.

ME1 30822476v.1

claim. *See Susan Fixel Inc. v. Rosenthal & Rosenthal, Inc.*, 921 So.2d 43, 48 (Fla. 3rd DCA 2006) (affirming summary judgment because defendant's misrepresentations were not cause of any damages to plaintiff since it chose to continue agreement even after discovering fraud). That is precisely the case here – based on the documents and Plaintiffs' corporate representative deponent's testimony. Identidad continued with the Platform project after it concluded that it had not received what it believes HPE had promised and, therefore, it cannot satisfy the reliance/causation element of its claims.

By January 27, 2017, about 6 months after execution of the SOW and Teaming Agreement, Identidad concluded that the Platform it believed it was promised was "not ready" – even though it alleges that HPE promised a working Platform by October 2016. SOF ¶¶ 39, 58; ECF 52 at ¶ 34. Identidad also concluded that the Platform was not secured (as it claims HPE promised it would be) by January 2017. SOF ¶ 39. In fact, Identidad determined by October 2016 that, for whatever reason, it was not being provided with the Platform it was promised. SOF ¶ 38.

Nevertheless, on January 27, 2017, Identidad "acknowledge[d] acceptance of the UIoT Platform for Identidad IoT – Phase 1" and agreed "that [HPE] has no further obligations with respect to UIoT Platform for Identidad IoT – Phase 1." SOF ¶ 41. The significance of that acceptance is that Identidad then began to pay for the Platform. SOF ¶ 42. Identidad alleges that its acceptance was "conditional" on a few tasks to occur by mid-February 2017. SOF ¶ 43. Then, after a period where HPE made payments to HPFS for Identidad, Identidad agreed in July 2017 (about 5 months after the deadline for those conditions) to resume those payments when the Platform "is considered production-ready." SOF ¶¶ 44, 45. Identidad did, in fact, resume those payments. SOF ¶ 46.

Both the SOW and the Teaming Agreement permit one party to terminate the agreement upon a material breach by the other.  SOF ¶ 25.  Identidad did not do so – and does not allege otherwise in the AC.  Instead, it continued to work with HPE on the Platform project for about a year and eight months until at least March 8, 2018, even after concluding many months earlier that it had not received what it believed it was promised.  SOF ¶ 48.  Moreover, as explained above, Identidad praised HPE and the Platform publicly in September 2017 – more than 14 months after execution of the SOW and Teaming Agreement.  SOF ¶ 47.

Simply put, because Identidad's alleged conclusion that it was not receiving what it was promised did not change its conduct, it cannot prove the reliance/causation element of its fraud and FDUTPA claims and HPE is entitled to summary judgment on Counts I, II & VI.

### 4.  HPE Is Entitled To Summary Judgment On Count I.

Plaintiffs have not clearly distinguished their fraud claims in Counts I & II.  Count I is labeled only "Fraud" and Count II is labeled "Fraudulent Inducement," but both claims rely on alleged misrepresentations that preceded the execution of the SOW and Teaming Agreement and Plaintiffs identify no act of reliance except signing the relevant contracts.  ECF 52 at Counts I & II.  However, Count I seeks rescission of the SOW and Teaming Agreement, which means it must be based on alleged misrepresentations that preceded those agreements because that relief is not available for post-contractual alleged misstatements.  *See RRC Aruba, Ltd. v. Lionstone Group, Inc.*, 2006 WL 8433543, **4, n.3 (S.D. Fla. June 12, 2006) (court did not consider remedy of rescission after it determined that plaintiff's claim was inextricably tied to defendants' performance under the contract and not a fraudulent inducement claim).  That claim, however, is duplicative of Count II and fails for the reasons set forth above.

Still, if Count I were based on alleged post-contract misrepresentations, HPE would be entitled to summary judgment because it is not sufficiently independent from the SOW and

Teaming Agreement. *See Seminole Masonry, LLC*, 2019 WL 687918, at *4 (citing *Peebles v. Puig*, 223 So.3d 1065, 1068 (Fla. 3d DCA 2017)) ("It is well settled in Florida that, where alleged misrepresentations relate to matters already covered in a written contract, such representations are not actionable fraud."); *Sun Life Assur. Co. of Can. v. Imperial Holdings Inc.*, 2016 WL 10565034, at **5–6 (S.D. Fla. Sept. 22, 2016) ("It is well-settled that a plaintiff may not recast causes of action that are otherwise breach-of-contract claims as tort claims."). The Eleventh Circuit recognizes that Florida law "presents an additional hurdle for one seeking to pursue a tort claim against a party with whom it is in privity, namely that a party still must demonstrate that . . . the tort is independent of any breach of contract claim." *CEMEX Constr. Materials Fla., LLC v. Armstrong World Indus., Inc.*, 2018 WL 905752, at *10 (M.D. Fla. Feb. 15, 2018) (citing *Lamm v. State St. Bank & Trust*, 749 F.3d 938, 947 (11th Cir. 2014)); *see also Callaway Marine Tech., Inc. v. Tetra Tech, Inc.*, 2016 WL 7407769, at *4 (S.D. Fla. Dec. 22, 2016) (Gayles, J.) ("alleging an independent tort requires allegations 'beyond ***and*** independent of breach of contract'") (emphasis in original); *see also Sun Life Assurance Co. of Canada*, 2016 WL 10565034, at *5 (granting summary judgment for defendant because plaintiff's fraud claim was nothing more than claim for breach of contract).

There can be no question that the alleged misrepresentations claimed by Identidad "relate to matters already covered" in the SOW and Teaming Agreement. They all relate to the nature of the Platform HPE was to install under the SOW or the nature of the alleged "go to market" assistance Identidad alleges HPE was to provide under the Teaming Agreement. ECF 52 at ¶¶ 18, 21, 26, 28, 89, 98, 100, 111, 112. Thus, they cannot support actionable fraud claims.

In fact, Plaintiffs' corporate representative deponent testified expressly that at least some of the alleged misrepresentations that underlie Identidad's fraud claims are found in the

contracts.  SOF ¶ 59.  The record shows just how much Identidad's fraud claims rely on HPE's alleged contractual promises/obligations.  For example, Identidad alleges HPE "misrepresented" that:  (1) it would provide support and maintenance; (2) it would provide a Horizontal Platform capable of a long list of vertical use cases; (3) it would provide sales resources and personnel; (4) it researched and identified specific leads for customers; (5) it would provide marketing and promotional support; (6) the Platform would provide "solutions;" (7) the Platform would allow the exchange of information between applications; (8) the Platform would be network agnostic; (9) there would be on-site training; and (10) there would be in-site deployment at Identidad's location.  SOF ¶ 60.  An exact or substantially similar promise/obligation is found in the SOW or the Teaming Agreement.  SOF ¶¶ 14, 20.  Therefore, HPE is entitled to summary judgment on Count I.

### C.    HPE Is Entitled To Summary Judgment On All Of Identidad's Warranty Claims (Counts III–V).

#### 1.    HPE Did Not Sell Or Lease The Platform To Identidad.

Under the plain terms of the Florida Uniform Commercial Code ("UCC"), only a seller or lessor of goods may be held liable for breach of express or implied warranties.  FLA. STAT. §§ 672.313–.315 ("seller"); FLA. STAT. §§ 680.21–.213 ("lessor").  HPE neither sold nor leased the Platform to Identidad.  Instead, according to the agreements attached to the AC, HPE agreed only to provide services to Identidad.  The UCC does not extend to the provision of services. FLA. STAT. §§ 672.102, 672.105; 680.103(h), (j).  Therefore, HPE is entitled to summary judgment on Counts III-V.  *Am. Coach Lines of Orlando, Inc. v. N. Am. Bus Indus., Inc.*, 2011 WL 653524, at *9 (M.D. Fla. Feb. 14, 2011) (granting summary judgment for defendant where defendant did not manufacture or sell product to plaintiff).

12

The AC alleges that HPE and Identidad are parties to two agreements – the SOW and the Teaming Agreement, both of which are for the provision of services, not the sale or lease of goods. The SOW expressly provides that it "identifies the ***professional services*** . . . HPE will perform . . . ." SOF ¶ 18 (emphasis added). The Teaming Agreement similarly describes the services that are the purpose of that agreement: "The purpose of this Agreement is to set forth the terms and conditions under which the parties will cooperate . . . in the preparation of a proposal . . . to be submitted to any enterprise prospect . . . ." SOF ¶ 13. Identidad did agree to finance and lease the Platform – but from HPFS in the Master Lease and Financing Agreement, not from HPE. SOF ¶¶ 28–30. Therefore, under the plain terms of the UCC, HPE is entitled to summary judgment on Counts III, IV and V.

## 2.   Identidad Did Not Provide HPE With Pre-Litigation Notice Of An Alleged Breach of Warranty And An Opportunity To Cure.

For express and implied warranty claims, a plaintiff must demonstrate that it provided notice to the defendant of its alleged breach of warranty so that the defendant has an opportunity to cure any such breach. FLA. STAT. § 672.607(3)(a); *see also Davis v. Ford Motor Co.*, 2007 WL 2208810, at ** 2–3 (S.D. Fla. July 27, 2007) (citing *Dunham-Bush, Inc. v. Thermo-Air Serv., Inc.*, 351 So.2d 351, 353 (Fla. 4th DCA 1977)) (elements of breach of warranty claim include notice of breach). Identidad does not even *allege* in the AC that it provided pre-litigation notice of alleged breaches of warranty and an opportunity to cure to HPE. Nor could it. In a letter dated March 20, 2018, Identidad purported to provide notice of several things to HPE – but not of any alleged breach of warranty, nor an opportunity to cure. SOF ¶¶ 51–52. Instead, Identidad instructed HPE no longer to communicate with it (but instead with its lawyers) and then filed its lawsuit a few days later on March 28, 2018. SOF ¶¶ 53, 55. Therefore, HPE is entitled to summary judgment on Counts III – V. *See Burns v. Winnebago Indus., Inc.*, 492 F.

App'x 44, 49 (11th Cir. 2012) (citing *Gen. Matters, Inc. v. Paramount Canning Co.*, 382 So.2d 1262, 1264 (Fla. 2d DCA 1980)) (affirming summary judgment for defendant on breach of warranty claim because buyer failed to give notice and opportunity to cure); *Pye v. Fifth Generation, Inc.*, 2016 WL 9046788, at *3 (N.D. Fla. Sept. 27, 2016) (granting summary judgment for defendant where plaintiffs only offered an unsupported assertion that they gave notice of breach).

**D.    HPE Is Entitled to Summary Judgment on Identidad's Express Warranty Claim (Count III).**

**1.    Identidad Has Not Identified Any Express Warranty Provided To It That Could Support Its Claim.**

An actionable express warranty must become part of the basis of the parties' bargain. FLA STAT. § 672.313(a)(1).  Here, the AC alleges two contracts between Identidad and HPE regarding the Platform – the SOW and the Teaming Agreement.  SOF ¶¶ 12, 17.  Thus, any express warranty from HPE must have come before those agreements in order to allegedly become part of the bargain.  But, just like its fraud claims, Identidad has not identified any alleged affirmation of fact that it claims was made to it after its creation on July 19, 2016, but before the execution of the SOW and Teaming Agreement a few days later.  Therefore, HPE is entitled to summary judgment on Count III.  *See Blinn v. Smith & Nephew Richards, Inc.*, 55 F. Supp. 2d 1353, 1360 (M.D. Fla. July 6, 1999) (granting summary judgment on breach of express warranty claim because plaintiffs failed to identify specific express warranty at issue, describe how it was relied on, and specify manner in which it was allegedly breached).

**2.    Identidad's Express Warranty Claim Is Barred By The Disclaimer Of Warranties In The SOW And The Integration Clauses In The SOW And The Teaming Agreement.**

Florida law authorizes the exclusion of warranties, both express and implied.  *Ames v. Winnebago Indus., Inc.*, 2005 WL 2614614, at *4 (M.D. Fla. Oct. 14, 2005); *see* FLA. STAT. §

672.316.  The parties to an agreement can mutually agree to reallocate risks "if the disclaimer is in clear and unambiguous language and clearly reflects both parties' expectations as to what items are not warranted."  *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1360 (M.D. Fla. July 19, 2007) (citing *Hesson v. Walmsley Construction Co.*, 422 So.2d 943, 946 (Fla. 2d DCA 1982)).  That is precisely the case here.  The SOW provides that "[t]his Agreement states all remedies for warranty claims.  To the extent permitted by law, HPE disclaims all other warranties."  SOF ¶ 22.

Similarly, Identidad's express warranty claim also fails because any alleged "affirmations" from HPE did not become part of the basis of the Parties' bargain.  *See* FLA. STAT. § 672.313(a)(1) (express warranties are created by any affirmation of fact or promise that becomes part of basis of bargain).  The SOW and Teaming Agreement include integration clauses that clearly demonstrate there are no representations other than those in the agreements that are part of the basis of the bargain between Identidad and HPE.  SOF ¶¶ 15, 23.  Therefore, HPE is entitled to summary judgment on Count III.  *See Wheeler v. DePuy Spine, Inc.*, 740 F. Supp. 2d 1332, 1335 (S.D. Fla. Sept. 17, 2010) (granting summary judgment for defendant where "affirmations of fact" did not become part of basis of bargain).

### E.    HPE Is Entitled To Summary Judgment On Identidad's Claim For Breach Of The Implied Warranty Of Merchantability (Count IV).

Under Florida law, in order to sustain a claim for breach of implied warranty of merchantability, a plaintiff must show that it was a foreseeable user of the product.  *Pavletic v. Caterpillar, Inc.*, 2011 WL 13217295, **6–7 (S.D. Fla. Dec. 21, 2011); *Amoroso v. Samuel Friedland Family*, 604 So.2d 827, 833 (Fla. 4th DCA 1992).  Identidad cannot do so.

Identidad's allegations in the AC and its own statements show that Identidad's anticipated customers were the foreseeable, and, in fact, intended users of the Platform.

Identidad alleges, *inter alia*, that:  (1) it was created to deliver products and services for its "customers" (ECF 52 at ¶ 20); (2) its "teaming effort" with HPE was intended to "attract customers . . . who would use Plaintiffs' HPE Platform for their IoT needs" (*see id.* at ¶ 21); (3) that it complained to HPE because "the platform is still not suitable to have clients on it" (*see id.* at ¶ 72); and (4) the Teaming Agreement, which Identidad calls "a major and material component of Identidad IoT's relationship with HPE," required HPE's assistance to "secure customers" for Identidad and "to bring customers to Identidad IoT's Platform" (*see id.* at ¶¶ 88-89).  Identidad's corporate representative deponent confirmed that the plan was for Identidad's customers to use the Platform, including as part of a larger technology solution.  SOF ¶¶ 10–11.  Identidad's insistence in the AC that the Platform should have supported 1 million devices further confirms that Identidad was not the foreseeable or intended user of the Platform.  ECF 52 at ¶ 56.  Therefore, HPE is entitled to summary judgment on Count IV.

### F.    **HPE Is Entitled To Summary Judgment On Identidad's Claim For Breach Of Implied Warranty Of Fitness For Particular Purpose (Count V).**

HPE is entitled to summary judgment on Count V because, according to Identidad, the alleged particular purposes for the Platform are the same as its ordinary purposes.

To sustain a claim for breach of implied warranty of fitness for a particular purpose, a plaintiff must show that it intended to use the product at issue for a unique purpose that is different from its ordinary purpose.  *Sweeney v. Kimberly-Clark Corp.*, 2015 WL 5446797, at **4–5 (M.D. Fla. Sept. 15, 2015) ("A 'particular purpose' differs from an ordinary purpose in that [the particular purpose] envisages a specific use by the buyer which is peculiar to the nature of [the buyer's] business.") (quoting *Royal Typewriter Co., a Div. of Litton Bus. Sys., Inc. v. Xerographic Supplies Corp.*, 719 F.2d 1092, 1100 (11th Cir. 1983)).  As explained above, Identidad was not the intended user of the Platform and its claims fail for this reason.  Moreover,

according to the AC, the alleged particular purposes for the Platform are also included as part of its ordinary purposes.[6]  Consequently, Count V fails as a matter of law.  *See Czarnecki v. Roller*, 726 F. Supp. 832, 843 (S.D. Fla. Nov. 15, 1989) (granting summary judgment for defendant where particular purpose was same as ordinary purpose).[7]

### G.     HPE Is Entitled To Summary Judgment On The FDUTPA Claim (Count VI).

#### 1.     Plaintiffs Do Not Seek Relief That Is Recoverable Under FDUTPA.

Pursuant to Florida Statute § 501.211(2), "a person who has suffered a loss as a result of [a FDUTPA violation] may recover actual damages. . . ."  It is well-settled that "the measure of actual damages is the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties."  *Democratic Republic of the Congo v. Air Capital Grp., LLC*, 614 F. App'x 460, 472 (11th Cir. 2015).  Actual damages are limited and do not include "special or consequential damages."  *Mantz v. TRS Recovery Servs., Inc.*, 2011 WL 5515303, at *2 (S.D. Fla. Nov. 8, 2011).  Under Florida law, lost profits are considered special damages.  *Safeco Title Insurance Co. v. Reynolds*, 452 So.2d 45, 48 n.5 (Fla. 2nd DCA 1984) (lost profits are generally considered special damages under Florida law).

---

[6]     *Compare* ECF 52 at ¶ 134 (alleging that ordinary purposes of Platform included "(i) connecting 1,000,000 devices to Identidad IoT . . . and (iii) enabling Identidad IoT to connect and to manage heterogenous IoT and Machine-to-Machine (M2M) devices and applications across multiple verticals") *with* ECF 52 at ¶ 142 (alleging that HPE breached implied warranty of fitness for particular purpose because Platform "failed to connect Identidad IoT to 1,000,000 devices or enable Identidad IoT to connect and manage heterogenous IoT and M2M devices and application across multiple verticals").

[7]     Because Identidad has not alleged a particular purpose different from the Platform's ordinary purpose, it logically cannot prove that HPE had any reason to know of any such particular intended use, which is an essential element of Count V.  FLA. STAT. § 672.315.

Plaintiffs *allege* in conclusory fashion that the Platform is "worthless" in an apparent attempt for Identidad to recover the entire purchase/lease payments for the Platform.  SOF ¶ 62.  But, Identidad's own *evidence* shows that is not the case.  Identidad's financial records provided to its purported expert include "Hardware – HP IoT," "Software of Hardware HP IoT," and "Software – Universal IoT Platform" as assets with values in the tens or hundreds of thousands of dollars in 2016-2018.  SOF ¶ 64.  Since Identidad does not seek relief that is available under FDUTPA, HPE is entitled to summary judgment on Count VI.  *See, e.g., Hanson Hams, Inc. v. HBH Franchise Co., LLC*, 2004 WL 5470401, at *11 (S.D. Fla. Dec. 21, 2004) (granting summary judgment for defendant where plaintiff failed to establish actual damages).

### 2.   Plaintiffs Cannot Show Injury To Consumers.

"While an entity does not have to be a consumer to bring a FDUTPA claim, it still must prove . . . an injury to a consumer."  *Stewart Agency, Inc. v. Arrigo Enterprises, Inc*., 266 So. 3d 207, 212 (Fla. 4th DCA 2019) (granting summary judgment for defendant where plaintiff failed to show injury to consumer); *Lombardo v. Johnson & Johnson Consumer Companies, Inc.*, 124 F. Supp. 3d 1283, 1289-91 (S.D. Fla. Aug. 12, 2015) (same); *see also Caribbean Cruise Line, Inc. v. Better Bus. Bureau of Palm Beach Cty., Inc.*, 169 So. 3d 164 (Fla. 4th DCA 2015); *Kelly v. Palmer, Reifler, & Assocs., P.A.*, 681 F. Supp. 2d 1356, 1372 (S.D. Fla. Jan. 11, 2010).  Plaintiffs do not even allege any such injury to consumers – nor could they.  Accordingly, HPE is entitled to summary judgment on Count VI.

### H.   Identidad Is Precluded From Recovering Lost Profits And Punitive Damages And Any Relief Beyond Its Alleged Actual Direct Damages.

The Court should grant summary judgment for HPE on all of Plaintiffs' claims in their entirety but, in the alternative, if any claim survives, HPE is entitled to summary judgment on any claim for lost profits and punitive damages – and, in fact, any relief beyond alleged actual,

18

direct damages – because the Teaming Agreement and the SOW preclude their recovery. "Florida courts allow parties to limit remedies contractually. . . ." *Amoco Oil Co. v. Gomez*, 125 F. Supp. 2d 492, 511 (S.D. Fla. Dec. 19, 2000).[8]  Indeed, "Florida courts have emphasized that [p]eople should be able to contract on their own terms without the indulgence of paternalism by courts in the alleviation of one side or another from the effects of a bad bargain." *CC-Aventura, Inc. v. The Weitz Co., LLC*, 2009 WL 3326806, at *5 (S.D. Fla. Oct. 9, 2009) (enforcing contractual remedy limitation and granting summary judgment for defendant); *see also Bombardier Aerospace Corporation v. SPEP Aircraft Holdings, LLC*, 572 S.W.3d 213, 218 (Tex. 2019) (holding that limitation in contract barred punitive damages). Here, Identidad and HPE negotiated and agreed to limitations of remedies.

First, the Teaming Agreement includes the following express, mutual, and unequivocal lost profits and punitive damages disclaimer:

> IN THE EVENT OF ANY BREACH BY EITHER PARTY OF ITS OBLIGATIONS UNDER THIS AGREEMENT, REGARDLESS OF THE FORM OF ACTION THAT IMPOSES LIABILITY, WHETHER IN CONTRACT, EQUITY, NEGLIGENCE, INTENDED CONDUCT, TORT OR OTHERWISE, SUCH PARTY WILL BE LIABLE ONLY FOR THE ACTUAL, DIRECT DAMAGES SUFFERED BY THE OTHER PARTY WHICH ARE CAUSED BY SUCH BREACH IN ACCORDANCE WITH APPLICABLE LAW.  *IN NO EVENT WILL EITHER PARTY BE LIABLE FOR ANY AMOUNTS FOR LOST INCOME, LOST PROFITS, LOST SAVINGS, INDIRECT, INCIDENTAL, CONSEQUENTIAL, EXEMPLARY  . . . PUNITIVE OR SPECIAL DAMAGES* OF ANY PARTY, INCLUDING THIRD PARTIES . . . .

SOF ¶ 15 (emphasis added).  Identidad alleges that HPE failed to deliver what it promised in the Teaming Agreement and, therefore, the disclaimer applies here.  SOF ¶ 58.

Second, the SOW also includes the following express, mutual, and unequivocal provision:

---

[8]     HPE has shown herein that it is entitled to summary judgment under Florida law because that is the law that Plaintiffs contend governs their claims. HPE does not concede that Florida law applies to any of Plaintiffs' claims, however, and reserves the right to show otherwise in the future if necessary.

HPE's liability to Customer under this Agreement is limited to the greater of $1,000,000 or the amount payable by Customer to HPE for the relevant Order. Neither Customer nor HPE will be liable for lost revenues or profits, downtime costs, loss or damage to data or indirect, special or consequential costs or damages.  This provision does not limit either party's liability for:  unauthorized use of intellectual property, death or bodily injury caused by their negligence; acts of fraud; willful repudiation of the agreement; nor any liability which may not be excluded or limited by applicable law.

SOF ¶ 24.  Accordingly, HPE is entitled to summary judgment on Identidad's claims for lost profits and punitive damages under the parties' limitation of remedies clauses.

Alternatively, HPE is entitled to summary judgment on Plaintiffs' punitive damages claim because they cannot meet the standard for punitive damages.  *See* FLA. STAT. § 768.72 ("[a] defendant may be held liable for punitive damages only if the trier of fact, based on clear and convincing evidence, finds that the defendant was personally guilty of intentional misconduct or gross negligence.").  In September 2017, Plaintiffs indicated that the Platform project with HPE was "a huge success."  SOF ¶ 47.  Further, Plaintiffs' corporate representative deponent testified that there was not any change in the status of the Platform project over time. SOF ¶ 54.  Where even Plaintiffs agree to these facts, no reasonable jury could conclude that they can meet the heightened standard for punitive damages.

## V.     CONCLUSION

The Court should enter summary judgment for HPE on all of Plaintiffs' claims.

ME1 30822476v.1

Respectfully submitted:

**HOMER BONNER JACOBS, P.A.**
1200 Four Seasons Tower
1441 Brickell Avenue
Miami, FL 33131
Tel: (305) 350-5100

By: */s/ Gregory J. Trask*
        Peter W. Homer
        Florida Bar No. 291250
        Email: phomer@homerbonner.com
        Gregory J. Trask
        Florida Bar No. 0055883
        Email: gtrask@homerbonner.com

Kristofor T. Henning (*pro hac vice*)
MCCARTER & ENGLISH, LLP
1600 Market Street, Suite 3900
Philadelphia, PA 19103
Tel: (215) 979-3846
Email: khenning@mccarter.com

Shawn S. Smith (*pro hac vice*)
MCCARTER & ENGLISH, LLP
City Place 1
185 Asylum St.
Hartford, CT 06103
Tel: (860) 275-6777
Email: shsmith@mccarter.com

June 28, 2019                                    ***Attorneys for Defendant***

ME1 30822476v.1

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on this 28th day of June 2019, the foregoing document was filed with the Clerk of Court via CM/ECF and served via NEF electronic mail upon Plaintiffs' counsel: Joel S. Magolnick, Esq. (Magolnick@mm-pa.com).

By: *<u>/s/ Gregory J. Trask</u>*
*Attorney for Defendant*

ME1 30822476v.1